UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR ANTHONY POOLE,

    Plaintiff,

v.                                                               Case No.: 12-15045

JOHN FELTON, et al.,

    Defendants.
                                                    /

**ORDER OF DISMISSAL**

Jamar Anthony Poole, a federal prisoner confined in Wisconsin, filed *pro se* a civil compliant alleging Defendants violated Michigan's eavesdropping statute, Mich. Comp. Laws § 750.539. Poole was directed to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. In response Poole states that he intended to file his complaint in the Jackson County Circuit Court and that he does not know how or why his complaint arrived in this court. Poole makes clear that he now intends to proceed in federal court. He maintains that federal subject-matter jurisdiction exists based on diversity of citizenship. Poole states that Defendants are citizens of Michigan and that he is a citizen of Wisconsin.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison,* 5 U.S. 137, 173-80 (1803)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary

rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Section 1332 of Title 28, United States Code, provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The two requirements for diversity jurisdiction are, therefore, that (1) the matter in controversy exceed $75,000, and (2) complete diversity exists between the disputing parties.

For the purpose of diversity jurisdiction, a person's citizenship is his "domicile." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002).  "There is a rebuttable presumption that a prisoner retains his former domicile after incarceration." *Johnson v. Corrections Corp. of America*, 26 F. App'x 386, 388 (6th Cir. 2001), *citing Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973).

Poole is at the Federal Correctional Institution in Oxford, Wisconsin, serving time for a conviction in this court.  *See United States v. Poole*, 09-20427 (E.D. Mich).  In an affidavit attached to his response to the show-cause order, Poole claims to be a citizen of Wisconsin.  Other than his present incarceration in Wisconsin, however, Poole claims no connection to Wisconsin, and the record in this case and in the criminal case reveals none.  Before his incarceration, Poole resided in Michigan.  As recently as February 3,

2012, Poole was incarcerated at the Federal Correctional Institution in Milan, Michigan. *See Poole*, 09-20427 (Dkt. # 90).  He has therefore been incarcerated in Wisconsin for, at most, about a year and a half.  He states no intention to make Wisconsin his home permanently upon his release, nor has he stated an intention not to return to Michigan.  It is Poole's burden to establish subject-matter jurisdiction.  Poole fails to satisfy this burden because he has not offered any evidence to rebut the presumption that he retains his pre-incarceration domicile.  He is, as a matter of law, a citizen of Michigan.  Because Poole and Defendants are citizens of the same state, Poole fails to invoke jurisdiction under 28 U.S.C. § 1332.  Accordingly,

　　　　IT IS ORDERED that the action is DISMISSED.

　　　　　　　　　　　　　　　　　　　　 S/Robert H. Cleland
　　　　　　　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
Dated:  September 3, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 3, 2013, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　　 S/Lisa Wagner
　　　　　　　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　　　　　　　(313) 234-5522